UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FEDERAL INSURANCE COMPANY,

        Plaintiff,                     Case No. 16-cv-11390

v.                                     Honorable Thomas L. Ludington
                                       Magistrate Judge Patricia T. Morris

PENNY FAIRBOTHAM,

        Defendant.
_____/

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
<u>AND SCHEDULING STATUS CONFERENCE</u>**

On April 18, 2016, Plaintiff Federal Insurance Company initiated the above-captioned action against Defendant Penny Fairbotham by filing its complaint. *See* ECF No. 1. Alleging that Defendant Fairbotham pled no contest to embezzling $174,690.00 in insurance proceeds from its subrogee, Jim Wernig, Inc., Plaintiff asserts that Fairbotham is liable to it for the wrongful conversion of the funds. Plaintiff also asserts that it is entitled to treble damages and attorneys' fees pursuant to M.C.L. § 600.2919(a). After Defendant Fairbotham filed an answer on May 13, 2016 the matter was referred to Magistrate Judge Patricia T. Morris for pretrial management. *See* ECF No. 4.

On November 1, 2016 Plaintiff Federal Insurance Company filed a motion for summary judgment. *See* ECF No. 10. After the motion was fully briefed, on March 17, 2017 the magistrate judge issued a report recommending that Plaintiff's motion for summary judgment be denied. *See* ECF No. 14. While agreeing with Plaintiff's assertion that Fairbotham was prosecuted in 2015 for embezzlement, the magistrate judge noted that Fairbotham pled *nolo contendere* to the charge of "EMBEZZLE – AGENT/TRUSTEE 0/$200 U/$1000." The

magistrate judge therefore determined that neither Fairbotham's liability for embezzlement nor the specific amount of the embezzlement was decided on the merits in the state criminal proceedings. The magistrate judge also determined that the identity of the victim was not established by the records related to Fairbotham's prior criminal proceeding. She concluded that Plaintiff had not met its burden of showing the absence of a genuine issue of material fact.

Although the magistrate judge's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, neither party has filed any objections. The election not to file objections to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 14, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 10, is **DENIED**.

It is further **ORDERED** that a status and scheduling conference is **SCHEDULED** for **May 24, 2017 at 4:00 PM**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 10, 2017

- 3 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 10, 2017.

<div style="text-align:right">

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager

</div>

- 3 -