UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FEDERAL INSURANCE COMPANY,

        Plaintiff,                                                                           Case No. 16-cv-11390

v.                                                                                     Honorable Thomas L. Ludington

PENNY FAIRBOTHAM,

        Defendant.
_____/

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

On April 18, 2016, Plaintiff Federal Insurance Company initiated the above-captioned action against Defendant Penny Fairbotham by filing its complaint. ECF No. 1. Alleging that Defendant Fairbotham pled no contest to embezzling $174,690.00 in insurance proceeds from its subrogee, Jim Wernig, Inc., Plaintiff asserts that Fairbotham is liable to it for the wrongful conversion of the funds. Plaintiff also asserts that it is entitled to treble damages and attorneys' fees pursuant to M.C.L. § 600.2919(a). After Defendant Fairbotham filed an answer on May 13, 2016 the matter was referred to Magistrate Judge Patricia T. Morris for pretrial management. See ECF No. 4. On November 1, 2016, Plaintiff Federal Insurance Company filed a motion for summary judgment. ECF No. 10. Defendant filed a response on November 18, 2016. ECF No. 12. After the motion was fully briefed, on March 17, 2017 the Magistrate Judge issued a report recommending that Plaintiff's motion for summary judgment be denied. ECF No. 14. The Court entered an order adopting the report and recommendation on April 10, 2017. ECF No. 15. A status conference was held on May 24, 2017. Defendant did not attend the conference.

Plaintiff requested entry of default pursuant to Federal Rule of Civil Procedure 55(a) on the grounds that Defendant failed to attend the status conference or inform Plaintiff or the Court

as to the reasons for her absence. ECF No. 18. The Clerk denied the request for entry of default on the ground that Defendant responded to the motion for summary judgment. ECF No. 19. Plaintiff then filed the instant Motion for Default Judgment for the same reasons asserted in the request for entry of default.

**I.**

Rule 55(a) sets forth the standard for entry of default by the court clerk: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, a party may move for default judgment under rule 55(b). *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). A condition precedent to default judgment is entry of default. *Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (citing Fed. R. Civ. P. 55).

If there is no entry of default by the clerk, a party may move for (1) an order to the clerk to enter the default; and (2) entry of default judgment. *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). "Although Rule 55(a) refers to the entry of default by the clerk, it is well-established that a default also may be entered by the court." *Breuer Electric Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)).

Under Rule 16(f), if a party "fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference," the court may, in its discretion, impose various sanctions against the disobedient party, including a default judgment. Fed. R. Civ. P. 16(f); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d, 36 (D.D.C 2004). Courts have granted default judgment as a sanction against a party for failing to comply

with a court order or appear at a hearing. *E.g.*, *Eagle Assocs. V. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991). However, default judgment as a sanction is most appropriate where there is a pattern of non-compliance with court orders. *Secs. & Exchange Comm'n v. Hollywood Trenz, Inc.*, 202 F.R.D. 3, 7 (D.D.C. 2001).

As a general matter, default judgment is disfavored because of the "strong preference for trials on the merits." *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). The Sixth Circuit cautions: "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983); *see Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (enumerating factors a court should consider in evaluating motion for default judgment).

**II.**

Here, the clerk denied entry of default. ECF No. 19. The Court nonetheless has discretion to direct entry of default and grant a default judgment. *Breuer Electric*, 687 F.2d at 185 (7th Cir. 1982). Plaintiff's Motion does not acknowledge the clerk's denial of entry of default. Plaintiff's motion does not challenge the clerk's reason for denying entry of default. Rather, Plaintiff reasserts the fact that Defendant failed to appear at the status conference. Mot. Default. J. at 2, ECF No. 20. On this basis Plaintiff deduces that Defendant "has decided not to participate in any further proceedings in this litigation." *Id.*

Defendant has not "failed to plead or otherwise defend" under rule 55(a). Defendant filed an answer and responded to Plaintiff's summary judgment motion. *See* ECF Nos. 3, 12. Thus, the Clerk properly denied entry of default. Plaintiff does not support its assertion that failure to attend a status conference is a sufficient basis upon which to enter default or default judgment.

Plaintiff appears to suggest that it is entitled to default judgment as a matter of course, such as where a party has failed to appear under rule 55(b)(1). However, default judgment is only available here as a discretionary sanction under rule 16(f). *See* Fed. R. Civ. P. 16(f), 55(a); *Flynn*, 311 F. Supp. 2d at 36. Entry of an adverse judgment is a greater sanction than necessary to address a party's failure to appear at a status conference.

It is worth noting that Defendant's failure to attend the conference is not excusable. Defendant asserts that she failed to appear at the status conference because she believed the case was dismissed by this Court's order denying Plaintiff's motion for summary judgment. Resp. at 1, ECF No. 23. Denial of Plaintiff's motion for summary judgment means only that there is a factual dispute as to "whether Defendant embezzled the amount alleged and that Plaintiff is entitled to recoup any money embezzled from JWI . . . ." Rep. & Rec. at 12, ECF No. 14. This does not constitute a dismissal, nor does it constitute a judgment for Defendant. Although Defendant was clearly mistaken as to the meaning of the Court's April 10 Order, it is not entirely unreasonable for a pro per defendant to believe that denial of Plaintiff's motion for summary judgment constituted a dismissal.

Defendant's assertion that she was not aware of the status conference is without merit. Resp. at 1. The Court's April 10 order denying summary judgment clearly indicated that a status conference was schedule for May 24. Defendant was served with the Order at her address of record. If this address is no longer correct, it is the Defendant's responsibility to provide the correct address. Furthermore, Defendant was apparently aware of the Order, which she believed dismissed the case. Resp. at 1. Both the text of the Order itself and the text of CM-ECF docket entry number 15 state that a status conference was scheduled for May 24. It is unclear how

Defendant could have possibly been aware of the denial of summary judgment but unaware of the status conference.

While Plaintiff might be entitled to a lesser remedy for Defendant's failure to appear at the status conference, Plaintiff has not yet sought a lesser remedy than entry of a default judgment. As Defendant is proceeding pro per, it is worth noting that there are two court dates rapidly approaching, both of which require her attendance: Final Pretrial Conference Scheduled for **October 24, 2017 at 3:00pm**, and Bench Trial Scheduled for **November 7, 2017 at 8:30am**. It also bears repeating that rule 16(f) authorizes a variety of sanctions for failure to appear at a conference or hearing including attorney's fees and default judgment. Fed. R. Civ. P. 16(f).

**III.**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 20, is **DENIED**.

                                                    s/Thomas L. Ludington  
                                                    THOMAS L. LUDINGTON  
                                                    United States District Judge

Dated: September 20, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 20, 2017.

                              s/Kelly Winslow  
                              KELLY WINSLOW, Case Manager